### UNITED STATES of America, Plaintiff,

v.

### Judy HARKINS, Defendant.

### No. CIV. 03–6298–AA.

United States District Court, D. Oregon.

Nov. 30, 2004.

Division, U.S. Department of Justice, Washington, DC, for plaintiff.

Judy Harkins, Salem, OR, Pro se.

### OPINION AND ORDER

AIKEN, District Judge.

Plaintiff United States of America moves for summary judgment on their claim of permanent injunction pursuant to 26 U.S.C. §§ 7402(a) and 7408 of the Internal Revenue Code (IRC). This motion is granted.

### STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. Substantive law on an issue determines the materiality of a fact. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving par-

ty; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Electrical*, 809 F.2d at 630.

### DISCUSSION

### I. PROCEDURAL HISTORY

This lawsuit was filed over one year ago on October 8, 2003 by the plaintiff United States. The plaintiff seeks a permanent injunction prohibiting the defendant, an individual, from promoting and selling an alleged tax avoidance scheme—the "corporation sole." The defendant has generally refused throughout the pendency of this lawsuit to communicate with either plaintiff's counsel or the court. Regarding the motion at bar, defendant refused to answer the telephone to speak with plaintiff's counsel, nor did defendant return any phone calls. On one occasion, when plaintiff's counsel did reach the defendant by telephone, the defendant stated that she "did not discuss her commercial affairs on the telephone."

The defendant has not filed an Answer in this case, nor has she responded to any of the plaintiff's motions. Specifically, defendant has refused to respond to any requests for discovery, including this court's order compelling defendant to answer the plaintiff's interrogatories and requests for production of documents. Finally, defendant and another fact witness refused to answer questions at their deposition on January 22, 2004.

On September 15, 2004, plaintiff filed the summary judgment motion at bar. On September 23, 2004, noting defendant's pro se status, this court sent defendant an Order Advising Defendant of Federal Summary Judgment Standards pursuant to procedure recommended by the Ninth Circuit Court of Appeals when pro se litigants are involved. On September 28,

2004, defendant mailed to the court a document titled, "Notice # 7 Return of Unacceptable, Irrelevant, and Immaterial Documents." The defendant enclosed plaintiff's summary judgment motion and all supporting briefs and affidavits, stating that, "the following documents are returned as unacceptable, irrelevant, immaterial and addressed incorrectly, as this case is closed with the consent of all concerned." The defendant also stated that the delivery of the above documents to the defendant "by postal delivery" constitutes "mail fraud." Defendant further stated that plaintiff's failure to prove that it has not engaged in mail fraud by serving the above referenced documents on the defendant acts as plaintiff's "admission that you are harassing me and have made an extortion demand under the color of law, and to your consent of my filing a criminal action against you in a court of competent jurisdiction for harassment and extortion as Respondents have failed to provide their credentials/power of attorney to make any legitimate demands on me." Finally, defendant states that, "all respondents, Mike Mossman [sic], Karin J. Immergut, Donald N. Dowie, Robert D. Metcalfe and [this court], are fired in as much as they presume to make any legal determination for me. I do not give said Respondent license to make legal determination for me as per NOTICE OF REJECTION OF OFFER TO CONTRACT by SPECIAL APPEARANCE[.]" That is the extent of defendant's response to plaintiff's summary judgment motion.

## II. FACTUAL HISTORY

Defendant markets a scheme known as a "corporation sole" on behalf of an organization known as American Tax Consultants (ATC). Declaration of IRS Revenue Agent Michele McGeachy at ¶¶ 2, 6–12. ATC was headed by Lee Scott Roberts, who in December 2003, was convicted of criminal tax-fraud charges in the United States District Court for the Middle District of Florida. *See United States v. Roberts*, Crim. No. 03–144 (M.D. Fla. Dec. 8, 2003) (plaintiff's Ex. D).

As marketed by defendant and ATC, a "corporation sole" is a religious-based entity which purports to offer tax advantages to participants. *See* McGeachy Decl. at ¶¶ 13–17. ATC paid defendant for her work as a marketer of the corporation sole. *Id.* at ¶¶ 6–10. As part of her promotion of ATC's corporation sole, defendant assists others in establishing their corporations sole. Assistance establishing this entity includes telling interested parties that a corporation sole can engage in all of the same transactions as any individual, including commercial and investment transactions. Plaintiff's Ex. B, p. 4–6. A corporation sole can be organized for social, fraternal, agricultural or recreational purposes. *Id.* at p. 2. A "corporation sole" is tax exempt. A corporation sole does not need to file tax returns of any kind and does not need to keep records. As long as the founder does not "draw a paycheck from their religious corporation sole," the corporation is not obligated to follow tax-reporting requirements. A religious leader's income from any work is tax exempt, so long as the leader's work is "directed by his order." Such tax exempt income can include income from working as an airline pilot or a "bank loan officer." McGeachy Decl. at ¶¶ n.13–16. A person may establish a corporation sole which the person controls. The person may then make "charitable contributions" to his or her own corporation sole and deduct those "contributions" on the person's federal income tax returns.

## III. ANALYSIS

Plaintiff asserts that defendant is violating IRS § 6700, and therefore subject to an injunction under IRC § 7408. Specifically, plaintiff alleges that defendant is

selling tax plans and arrangements to assist her customers in evading federal taxes through the use of entities known as "corporations sole." Plaintiff requests that this court enjoin defendant's promotion of an "abusive" tax shelter.

IRS § 6700 penalizes anyone who, among other things:

> Participates, either directly or indirectly, in the organization and/or sale of any shelter, plan, or arrangement;
>
> makes false statements about tax benefits in connection with the sale;
>
> knows or has reason to know that the statements are false; and
>
> the false statements pertain to a material matter, such as a purported tax deduction or the exclusion of income.

IRC § 6700.

Internal Revenue Code § 7408 provides for a "statutory injunction." Specifically, IRC § 7408(a) provides that the court may enjoin any person from engaging in conduct subject to penalty under IRC § 6700. Conduct may be enjoined if the court finds:

> (1) that the person has engaged in any conduct subject to penalty under section 6700 (relating to penalty for promoting abusive tax shelters, etc.) or section 6701 (relating to penalties for aiding and abetting under-statement of tax liability), and
>
> (2) that injunctive relief is appropriate to prevent recurrence of such conduct.

IRC § 7408(a).

The defendant markets a scheme for ATC that claims that persons can establish corporations sole for virtually any purpose they wish—so long as the founders' beliefs are "sincerely held." Defendant further counsels that those persons can assign income to the corporations tax free, and can deduct payments to the corporations sole (which they own and control) on their individual income tax returns. I find that based on this description, defendant's "corporation sole" qualifies as a plan and/or arrangement under IRC § 6700, thus meeting the first element necessary under § 6700.

■ As for the second element, I find that defendant's statements about corporations sole are false and fraudulent. While true that corporations sole are recognized under Oregon state law, Or.Rev.Stat. § 65.067, these corporations do not receive special tax exempt status under federal tax law. In other words, to receive special tax status under federal law, under the circumstances, the entity must independently qualify as a religious or other charitable organization under IRC § 501(c)(3). There is no dispute that the corporations sole which defendant markets for ATC do not meet the test for tax-exempt status. To qualify as tax exempt, an organization or entity must operate exclusively for one or more exempt purposes. *See* IRC § 501(c)(3); 26 C.F.R. §§ 1.501(c)(3)–1(a)(2), (d)(1). Those purposes do not include entities organized for social, fraternal, agricultural or recreational purposes, as set forth in ATC's promotional materials. Next, the articles for the organization must (1) limit the organization's purposes to only exempt purposes; and (2) empower the organization to engage in activities which are designed to further the exempt purposes. 26 C.F.R. § 1.501(c)(3)–1(b)(1)(I). "In no case shall an organization be considered to be organized exclusively for one or more exempt purposes, if, by the terms of its articles, the purposes for which the organization is created are broader than the purposes specified in Section 501(c)(3)." 26 C.F.R. § 1.501(c)(3)–1(b)(1)(ii). The articles of incorporation for the corporations sole at issue here do not limit the corporations sole to "exempt purposes." The articles permit the corporations sole to "carry on any business or number of business,"

"[e]ngage in any type of trade," "buy, sell, lease, mortgage, and in every way deal in real and personal property," [b]e a promoter, partner, member, beneficiary, associate or manager of any partnership, joint venture, trust or any other entity, among many other listed activities. The articles of incorporation of the corporations sole permit the corporation to operate like any other corporation, however, purport to exempt the corporations sole from any federal tax liability. This is clearly false and fraudulent.

Next, an organization is tax exempt if it serves a "public rather than a private interest." 26 C.F.R. § 1.501(c)(3)–1(d)(ii). It cannot be organized or operated "for the benefit of private interests such as a designated individual, the creator or his family, [or] shareholders of the organization[.]" *Id.* Similarly, if an organization's earnings "inure in whole or in part to the benefit of private shareholders or individuals," it is not tax exempt. 26 C.F.R. § 1.501(c)(3)–1(b)(2). The corporations sole promoted by defendant and ATC are established for the benefit of the founders in an overt attempt to shield income from taxation. For this reason, the corporations sole are not tax exempt. Further, it is not proper to "assign" income from an individual taxpayer to a corporation sole without first paying federal taxes on the income, particularly when the income comes from wages for employment. Further, a taxpayer cannot deduct "contributions" he or she makes to even a legitimate religious organization or other charity which the taxpayer owns and controls. *United States v. Estate Preservation Services,* 202 F.3d 1093, 1101 (9th Cir.2000). Finally, I find that the following statements by defendant and ATC regarding the establishment of corporations sole are false and fraudulent: persons can establish corporations sole for virtually any purpose they wish so long as their beliefs are "sincerely held;" income can be assigned to the corporation tax-free; and "contributions" to the corporation sole (which they own and control) can be deducted on their individual income tax returns.

■ As for the third element, I find that defendant knows or has reason to know that her statements are false. "Reason to know" under IRC § 6700 is determined by "what a reasonable person in the [defendant's] ... subjective position would have discovered." *Estate Preservation Services,* 202 F.3d at 1103. This standard "allows imputation of knowledge so long as it is commensurate with the level of comprehension required by the speaker's role in the transaction." *Id.* For example, the legislative history states, "a salesmen would ordinarily be deemed to have knowledge of the facts revealed in the sales materials furnished to him by the promoter." H.R. Conf. Rep. 97–760, at 562 (Plaintiff's Ex. D). I find that defendant either knows or has reason to know that she is making false statements. I rely on the fact that the defendant has been completely uncooperative with plaintiff's counsel in refusing to answer questions, or respond to discovery. I also note defendant's persistent use of disruptive tactics throughout this lawsuit.

Finally, I find that defendant's false statements pertain to material matters. Defendant's statements relate directly to the exclusion of income from federal taxation. These statements are material under IRC § 6700.

■ In conclusion, I find that defendant is violating IRC § 6700 and therefore injunctive relief is appropriate pursuant to IRC § 7408. Injunctive relief is appropriate if the defendant is reasonably likely to violate § 6700 again. *See United States v. Kaun,* 827 F.2d 1144, 1150 (7th Cir.1987) (district court did not abuse its discretion "in finding that Kaun was reasonably likely to violate § 6700 again"). Courts re-

view the following five factors to make this determination: (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation, and her degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve her in such transaction; (4) the defendant's recognition of her own culpability; and (5) the sincerity of her assurances against future violations. *United States v. Raymond* 228 F.3d 804, 813 (7th Cir.2000), *cert. denied,* 533 U.S. 902, 121 S.Ct. 2242, 150 L.Ed.2d 230 (2001).

I find that all five factors weigh in favor of entering the injunction. First, defendant's activities will cause harm to the United States Treasury. Even assuming the government can identify all of defendant's clients, it has stated that it cannot realistically hope to collect all of the back taxes, penalties and interest owed the government. Further, the government will be required to pay a substantial amount to identify, audit and collect the taxes defendant has assisted her customers to evade. The government has stated that these additional sums will "probably never be recovered." Second, defendant has reason to know that her activities are illegal. Finally, there is evidence that defendant will continue her activities until enjoined by this court. The defendant has not acknowledged the illegality of her conduct, nor has she denied any of the factual allegations against her. Defendant instead has chosen to respond to the lawsuit with several frivolous filings, primarily containing nonsensical challenges to the authority of the courts and the entire federal tax system.

█ Further, I find that this court has authority to enter an injunction on these facts pursuant to IRC § 7402(a). This section allows a district court to enter an injunction "as may be necessary or appro-

priate for the enforcement of the internal revenue laws." *Id.* Moreover, even if this court were to consider the four equitable injunction factors, plaintiff is still entitled to a permanent injunction. Those equitable factors are: (1) the likelihood the plaintiff will sustain irreparable injury as a result of defendant's conduct; (2) the likelihood of harm to the defendant if a permanent injunction is entered; (3) the likelihood the plaintiff will ultimately prevail; and (4) the public interest. Considering these four factors, I find that an injunction under IRC § 7402 is appropriate. I find that the plaintiff is sustaining irreparable harm; that the defendant will not sustain any irreparable harm by merely be required to obey the law (i.e., to refrain from selling abusive tax shelters or engaging in any other conduct subject to penalty under IRC § 6700); a strong likelihood exists that the plaintiff will prevail on the merits; and the harm to the public could be significant if the court fails to enter an injunction prohibiting defendant from selling customers illegal and invalid tax avoidance shelters.

## IV. INJUNCTIVE RELIEF

Pursuant to IRC §§ 6700, 7408 and 7402(a), the following permanent injunction is entered against the defendant:

The defendant, her representatives, agents, servants, employees, attorneys, and those persons in concert or participation with her, directly or indirectly by means of false, deceptive, or misleading commercial speech are hereby prohibited from:

(1) Organizing, promoting, marketing, or selling (or assisting therein) any abusive tax shelter, plan or arrangement that incites taxpayers to attempt to violate the internal revenue laws (including, but not limited to, the corporation sole), unlawfully evade the assessment or collection of their

federal tax liabilities, or unlawfully claim improper tax refunds;

(2) Further engaging in any conduct subject to penalty under IRC § 6700, i.e., making or furnishing, in connection with the organization or sale of an abusive, shelter, plan, or arrangement, a statement they know or have reason to know is false or fraudulent as to any material matter;

(3) Further engaging in any conduct that unlawfully interferes with the administration and enforcement of the internal revenue laws.

Further, defendant is required to produce to the United States all records in her possession, custody, or control or to which she has access that identify: (1) the names, addresses, e-mail addresses, phone numbers, and social security numbers (or employer identification numbers) of persons or entities to whom she gave or sold or otherwise provided, directly, or indirectly, any documents or other information related to the excludability of income from taxation, deductions, exemptions or any other tax benefit; (2) the names, addresses, e-mail addresses, phone numbers, and social security numbers of persons who assisted in the preparation or marketing of materials used by defendant or by her representatives, agents, servants, employees, attorneys, or other persons acting in concert or participation with her; (3) the names, addresses, e-mail addresses, phone numbers, and social security numbers (or employer identification numbers) of all individuals or entities for whom defendant, or her representative, agents, servants, employees, attorneys, or other persons acting in concert or participation with her, have prepared or assisted in the preparation of any tax-related documents, including without limitation tax forms, claims for refund and tax returns; and (4) the names, addresses, e-mail addresses, phone numbers, and social security numbers (or employer identification numbers) of all indi-

viduals or entities who purchased or used any other tax shelter, plan, arrangement in which defendant has been involved as an organizer, promoter, or seller, whether directly or indirectly.

### CONCLUSION

Plaintiff's motion for summary judgment (doc. 43) is granted, and a permanent injunction is entered against the defendant pursuant to IRC §§ 6700, 7408 and 7402(a) as stated above. This case is dismissed. All pending motions are denied as moot.

IT IS SO ORDERED.